UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  *

V.  *  Cr. No. GLR-19-503

RICHARD WHITE  *

    Defendant  *

For: RICHARD WHITE  *

## MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF DEFENDANT'S CAR ON MAY 23, 2019 DUE TO OVERBREATH AND LACK OF SPECIFICTY OF SEARCH WARRANT

RICHARD WHITE, by his undersigned counsel, hereby moves this Honorable Court to exclude from evidence that was obtained as a result of the search of his car on May 23, 2019, due to the substantial overbreath and lack of specificity of the search warrant in violation of his Fourth Amendment rights, and as grounds states:

1. On May 20, 2019, Mr. White was arrested by five Baltimore City police officers while the defendant was exiting a rental car parked on the side of the road in a residential neighborhood. The purported basis for the arrest was the claimed identification of White's rental car at the scene of a shooting two days earlier at the 2600 block of Polk Street in Baltimore City.

2. The arrest was made without a warrant. At that time, the rental car rented in his name was seized, also without a warrant. The car was not searched incident to his arrest.

3. The arrest was made without probable cause and was made in violation of Mr. White's Fourth Amendment rights. *Beck v. Ohio*, 379 U.S. 89, 96 (1984) and *Wong Sun v. United States*, 371 U.S. 471, 479 (1963).

4. The car was seized without a warrant and was in violation of Mr. White's Fourth Amendment rights. *Id.*.

5. Mr. White was released from custody on May 20, 2019, after the victim of the alleged shooting did not identify Mr. White as the shooter. The car was not released when Mr. White was.

6. On May 23, 2019, no warrant had been obtained to search the car, nor was there any probable cause for such a search.

7. On May 23, 2019, Mr. White called the officer in charge of the seizure, Detective Strothers, and requested return of the rental car because White was still responsible for the daily cost of the rental.

8. Only after receiving the call from Mr. White, Strothers sought a search warrant for the car.

9. The items to be seized under the search warrant were not specific to the alleged crime and the warrant was so overbroad to be Constitutionally infirm.

10. The requirements for a proper search warrant are clear: "The Fourth Amendment states unambiguously that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing* the place to be searched, and *the persons or things to be seized*." *Groh v. Ramirez*, 540 U.S. 551, 557-58 (2004). (emphasis in original). The Fourth Amendment's particularity requirement seeks to prevent "the specific evil [that] is the "general warrant" abhorred by the colonists, and the problem is not that of intrusion *per se*, but of a general, exploratory rummaging in a person's belongings. See,*e. g., Boyd v. United States*, 116 U. S., at 624-630; *Marron v. United States*, 275 U. S.

192, 195-196; *Stanford v. Texas*, 379 U. S. 476." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971) (emphasis in original).

11. "[A] warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional." *Massachusetts v. Sheppard*, 468 U. S. 981, 988, n. 5 (1984) and *Groh*, *id.*, 557.

12. The particularity requirement is crucial to ensuring that the authorization to search is limited to the offense for which the warrant was sought: "there is the well-examined purpose of preventing general searches. See *Maryland v. Garrison*, 480 U.S. 79, 84, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987) ("By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search ... will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit.)" *Owens, ex rel Owens v. Lott*, 372 F.3d 267, 274 (4th Cir. 2004).

13. Further, the Fourth Amendment's particularity requirement "makes general searches ... impossible and prevents the seizure of one thing under a warrant describing another. As to what is be taken, nothing is left to the discretion of the officer executing the warrant.'" *Stanford v. Texas*, 379 U.S. 476, 485, 85 S.Ct. 506, 511, 13 L.Ed.2d 431 (1965).[1]

14. "The particularity requirement [also] ensures that a search is <u>confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause</u>." *Voss*, 774 F.2d at 404. (Emphasis added).

---

[1] *Stanford* also referenced *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927)). *See Andresen v. Maryland,* 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976); *United States v. Medlin*, 842 F.2d 1194, 1199, (10th Cir.1988) and *Voss v. Bergsgaard*, 774 F.2d 402, 404 (10th Cir.1985).

15. Here, the warrant lacked any relationship to the shooting for which the warrant was sought. Attached hereto as Exhibit B is the warrant issued for the vehicle that gave law enforcement the authority to search "for the items on Exhibit A" that was attached to the warrant application. None of the items listed in Exhibit A are related to the shooting on May 18, 2019. Exhibit A to the search warrant application is attached hereto as Exhibit A.

16. The warrant application obtained permission to search for "indicia of residency", Exh. A, para. 1; "photographs of Dirt bikes", *id*, para. 2; "electronic devices capable of accessing the internet", *id*., para. 3; "address and or telephone books", *id*., para. 5; "United States currency", *id*., para. 6 and "controlled dangerous substances", *id*., para. 7.[2] Nothing of these requests relate in any way to a shooting on May 18, 2019.

17. The only even remotely possible entry in Exhibit A is paragraph 4 that says "Fruits and instrumentalities <u>of the crime of robbery</u> and all other crimes." (Emphasis added). There is zero evidence anywhere in this case of a robbery.

18. Thus, the only portion of the permitted search items is the instrumentalities of "all other crimes." A search warrant seeking evidence of "all crimes" fails blatantly to meet the specificity requirements of the Fourth Amendment. If a warrant could be permitted to search for evidence of "all other crimes" then there would be no particularity requirement at all - every search seeks evidence of crimes. This overbroad warrant violates the "well-examined purpose of preventing general searches." *Owens*, at 274.

---

[2] There is not even a mention of narcotics in the search warrant application; the warrant related only to the shooting three days prior.

19. And the fact that the warrant application might have described the items to be seized correctly does not save the validity of the warrant:

> The fact that the *application* adequately described the "things to be seized" does not save the *warrant* from its facial invalidity. The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents.[3] ... And for good reason: "The presence of a search warrant serves a high function," *McDonald v. United States*, 335 U. S. 451, 455 (1948), and that high function is not necessarily vindicated when some other document, somewhere, says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched nor available for her inspection.

*Groh*, *id*. Thus, "The particularity requirement also affords written assurance to "the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search." *Id*.

20. A search warrant must only seek "evidence relating to a specific crime for which there is demonstrated probable cause…" *Voss*, *id*. This warrant sought all sorts of seizures but none of them related to a shooting three days prior to the search.

21. By failing to identify the items to be sought as having any relation to the crime alleged in the warrant application, the "warrant was so obviously deficient that we must regard the search as "warrantless" within the meaning of our case law." *Groh*, *id*., at 558.

22. The search resulted in the discovery of narcotics and a weapon, the subjects of the instant indictment.

---

[3] The Court quoted with approval *see also United States v. Stefonek*, 179 F. 3d 1030, 1033 (CA7 1999) ("The Fourth Amendment requires that the warrant particularly describe the things to be seized, not the papers presented to the judicial officer . . . asked to issue the warrant" (emphasis in original)). *Groh*, at 557.

23. Because the seizure of the evidence resulted from violations of Mr. White' Constitutional rights, it must be suppressed and excluded from evidence at the trial of this matter. *Id*.

24. A legal memorandum in further support of this motion will be filed upon receipt of the Government's explanation of the absence of particularity of the warrant.

WHEREFORE, RICHARD WHITE moves this Honorable Court to exclude from evidence in this case all items seized as a result of the illegal search on May 23, 2019, of his rental car.

Respectfully submitted,

_____/s/_____
Richard Bardos, of Counsel
Schulman, Hershfield & Gilden, P.A.
1 East Pratt Street, 9th Floor
Baltimore, Maryland 21202
(410) 332 0850

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th of July, 2021, a copy of the foregoing Motion was served electronically by ECF to: Office of the United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201.

\_\_\_\_\_/s/_____
Richard Bardos